**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (CSB# 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL VANLEEUWEN AND RODNEY OMANOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>KEYUAN PETROCHEMICALS, INC., CHUNFENG TAO, AICHUN LI, WEIFENG XUE, DELIGHT REWARD LIMITED,<br><br>Defendants. | No.:   CV-11-09495-PSG (JCGx)<br><br>PLAINTIFFS' SECOND REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO MOTION TO DISMISS<br><br>CLASS ACTION<br><br>Hon. Philip S. Gutierrez<br>Hearing date: October 29, 2012<br>Time: 1:30 p.m.<br>Location: Ctrm. 880 (Roybal) |

Pursuant to Federal Rule of Evidence 201 Plaintiffs hereby respectfully request that the Court take judicial notice of a Form 8-K defendant Keyuan Petrochemicals, Inc. ("Keyuan") filed with the SEC on September 17, 2012, which is attached as Exhibit 5 to the Declaration of Laurence Rosen, dated September 17, 2012.

1

<u>Judicial Notice is Proper</u>:    It is well established in the Ninth Circuit that courts may take judicial notice of public financial information, including documents filed with the Securities and Exchange Commission ("SEC"). *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F. 3d 1049, 1064, n.7 (9th Cir. 2008); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (courts may properly take judicial notice of "matters of public record"); *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) ("courts in the Ninth Circuit routinely grant judicial notice of press releases"); *Jones ex rel. CSK Auto Corp. v. Jenkins*, 503 F. Supp. 2d 1325, 1339, n.6 (D. Ariz. 2007) ("Judicial notice is 'appropriate for SEC filings, press releases, and accounting rules'") (internal citations omitted)

Where, as, here, a Defendant has moved to dismiss on the ground that a complaint fails to adequately plead scienter, it is the Court's task to weigh the culpable inference put forth by a plaintiff against the non-culpable inference put forth by the defendant. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).    In so doing, courts "need not close their eyes to circumstances that are probative to scienter viewed with a practical and common-sense perspective." *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

Here, the 8-K reveals that Defendant Keyuan is in receipt of a Wells Notice from the SEC.    According to the 8-K, the SEC staff intends to recommend that a civil injunctive proceeding be brought against Keyuan for securities fraud, *i.e.* violation of, among other things, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

The 8-K also reveals that defendant Chunfeng Tao received a Wells Notice, alleging that he violated Section 304 of the Sarbanes-Oxley Act.    That the SEC is asserting claims under Section 304 demonstrates that the Wells Notice relates to the restatement alleged in this action; Section 304 concerns the "claw back" for CEO and CFO compensation and bonuses when there is a financial restatement.

2

These new facts, when considered holistically with the facts in the Complaint, further support a strong inference of scienter, and cuts against Defendant's proffered inference of mistake or gross negligence. *See, Plumbers Union Local No. 12 Pension Fund v. Ambassador's Group*, 717 F.Supp.2d 1170, 1179 (E.D. Wash. 2010) (Considering SEC investigation in holistic analysis and finding scienter is "strengthened"); *In re Nash Finch Co.*, 502 F.Supp.2d 861, 882 (D. Minn. 2007) (considering SEC's investigation in holistic analysis and finding that the allegations "cumulatively create a strong inference of scienter").

Dated:    September 18, 2012

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

/s/Laurence Rosen

Laurence Rosen, Esq.
355 South Grand Avenue, Suite 2450
Telephone:    (213) 785-2610
Facsimile:    (213) 226-4684
E-mail:    lrosen@rosenlegal.com

*Lead Counsel for*
*Lead Plaintiffs and the Class*

PLAINTIFFS' SECOND REQUEST FOR JUDICIAL NOTICE IN OPP. TO DEFENDANT'S MOTION TO DISMISS- Civil Action No. 11-9495-PSG (JCGx)

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of the Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450, Los Angeles, CA 90071.   I am over the age of eighteen.

On September 18, 2012 I electronically filed the following PLAINTIFFS' SECOND REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 19, 2012.

/s/ Laurence Rosen
Laurence M. Rosen

PLAINTIFFS' SECOND REQUEST FOR JUDICIAL NOTICE IN OPP. TO DEFENDANT'S MOTION TO DISMISS- Civil Action No. 11-9495-PSG (JCGx)